IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| QUINCY TAYLOR, ADC #164516, | * * * | |
| Plaintiff, | * | |
| v. | * | No. 5:18cv00080-JJV |
| | * | |
| WENDY KELLEY, Director, ADC; *et al.*, | * * * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

Quincy Taylor ("Plaintiff"), previous inmate at the Varner Unit of the Arkansas Department of Correction ("ADC"), brings this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 6.) In his Amended Complaint, he alleges Defendants failed to protect him from an attack by another inmate and then violated his rights by issuing a disciplinary for his refusal to return to general population, where Plaintiff feared he was still at risk. (Doc. No. 6 at 5-17.)

Defendants Captain Scott Taylor, Lieutenant Shabazz, Warden Gibson, Officer Washington and Officer McConnell have filed a Motion for Summary Judgment, contending Plaintiff failed to exhaust his administrative remedies on his claims against them prior to filing this action. (Doc. Nos. 30-32.) Plaintiff has not responded and this matter is now ripe for a decision. After careful review, and for the following reasons, I find Defendants' Motion for Summary Judgment should be GRANTED and Plaintiff's cause of action should be dismissed without prejudice.

II. **SUMMARY JUDGMENT STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.   ANALYSIS**

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust prison grievance procedures before filing suit in federal court.  *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam).  Exhaustion under the PLRA is mandatory.  *Jones*, 549 U.S. at 211.  "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison

grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that prison's grievance policy. *See id.*

The grievance policy of the Arkansas Department of Correction in effect at the time of the alleged constitutional violations was Administrative Directive 14-16, and Plaintiff's allegations are governed by that Directive. (Doc. No. 30-2.) Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (*Id.* at 5.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the incident. (*Id.*) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (*Id.* at 5-6.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (*Id.* at 8.) The warden or his designee must provide a written response within twenty working days of receipt. (*Id.* at 10.)

An inmate who is dissatisfied with the response, or who does not receive a response within the allotted time, may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director. (Doc. No. 30-2 at 10-11.) The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days. (*Id.* at 12.) "A written decision or rejection of an appeal at this level is the end of the grievance process." (*Id.*) Administrative Directive 14-16 includes the following warning:

> Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC. Inmates must fully exhaust the grievance prior to filing a lawsuit. Inmates who fail to name all parties during

the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(Doc. No. 30-2 at 4-5.)

Defendants contend Plaintiff failed to properly exhaust any grievance against them pertaining to the claims in this lawsuit.  In support of their argument, they submit the Declaration of Terri Grigsby, the ADC's Inmate Grievance Supervisor, who states Plaintiff filed one grievance pertaining to the issues in this lawsuit – grievance VSM17-03600.  (Docs. No. 30-1 at 3, 30-3.)  Ms. Grigsby states that Plaintiff failed to fully exhaust this grievance, "Because Taylor failed to include the Unit Level Grievance Form, his appeal was rejected and was not addressed on the merits." (Doc. No. 30-1 at 3.)  Ms. Grigsby's statement is confirmed by the Acknowledgement of Grievance Appeal or Rejection of Appeal.  (Doc. No. 30-3 at 1.)  Accordingly, I find Plaintiff failed to "complete the administrative review process in accordance with the applicable procedural rules" with respect to his claims against these Defendants.  *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88).  While Plaintiff may view this ruling as being harsh and a dismissal on a technicality, the law requires me to find in favor of the Defendants.  "If exhaustion was not completed at the time of filing, *dismissal is mandatory*." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003)(emphasis added).

I also note Plaintiff, in his grievance, named only Defendants Shabazz and Linsey.[1]  (Doc. No. 30-3 at 4.)  Therefore, Defendants Taylor, Washington, Gibson, and McConnell should be dismissed on this basis as well.

IV.     **CONCLUSION**

    1.     Defendants' Motion for Summary Judgment (Doc. No. 30) is GRANTED.

---

[1] Defendant Linsey was previously dismissed.  (Doc. Nos. 8, 23.)

    2.    Plaintiff's claims against Defendants Captain Taylor, Lieutenant Shabazz, Warden Gibson, Officer Washington, and Officer McConnell are DISMISSED without prejudice for failure to exhaust administrative remedies.

    3.    Plaintiff's cause of action is dismissed without prejudice.

    4.    The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

DATED this 27th day of September, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE